UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14442-CIV-MARRA/MAYNARD

LAWRENCE F. CURTIN,

    Plaintiff,

v.

ST. LUCIE COUNTY SHERIFF PRETRIAL,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO RECUSE (DE 4)

**THIS CAUSE** comes before this Court upon the above Motion. Having considered the Motion where the Plaintiff seeks the recusal of the undersigned judge, this Court finds as follows:

1.    Two statutes provide the grounds for recusal: 28 U.S.C. § 455 and 28 U.S.C. § 144. The first statute requires an affidavit of the judge's personal (i.e., extra-judicial) bias or prejudice, and the movant must allege facts sufficient to convince a reasonable person of actual bias. The second statute requires a showing sufficient to cause a fully informed person, after objective consideration, to entertain a significant doubt about the judge's impartiality. See Liebman v. Deutsche Bank Nat'l Trust Co., 462 Fed.Appx. 876 (11th Cir. 2012), Jones v. Commonwealth Land Title Ins. Co., 459 Fed.Appx. 808 (11th Cir. 2012), and U.S. v. Singletary, 196 Fed.Appx. 819 (11th Cir. 2006). The Plaintiff falls well short of meeting those standards.

2.    To begin with, the Plaintiff seeks recusal on the basis that the undersigned is "supporting" or "representing" Kimberly Cortez, the Assistant State Attorney who currently is prosecuting a criminal case against him, by helping her in his federal civil lawsuits. However the

Plaintiff offers nothing more than that conclusory assertion of such support. The Plaintiff falls well short of making the kind of affirmative showing that the above statutes require.

3. What underlies that assertion is, in substance, the Plaintiff's disagreement with the Report and Recommendation that the undersigned rendered in his previously filed case of Curtin v. Cortez, Case No. 19-14274-CIV-MARTINEZ/MAYNARD. See Curtin v. Cortez, 2019 WL 662112 (S.D.Fla. Sept. 12, 2019). The Plaintiff objects to the history of events that led up to the criminal case that that Report and Recommendation recounts (even though the undersigned specifically clarified in that ruling that it was merely "background for general context purposes only, without making any findings of fact"). The Plaintiff also objects to the undersigned's conclusion that the principle of Younger Abstention bars his ability to use this federal court as a super-appellate court over the criminal case that remains open and pending in state court. However the Plaintiff's disagreement with or dissatisfaction in that prior ruling falls short of the above recusal standard. As explained in Grimshaw v. MetLife, 2012 WL 12895236, *1 (S.D.Fla. 2012):

> [T]he Plaintiff's disagreement with the undersigned's ruling, whether favorable or not, is insufficient to warrant relief under § 455. The general rule in the case law is that a judge's ruling in a case is not a valid ground for recusal. (citing Liebman, supra).

4. In any event District Judge Martinez already considered these same arguments. The Plaintiff raised them in his objection to that Report and Recommendation, and District Judge Martinez found them to be "without merit". See Curtin v. Cortez, 2019 WL 6620875 (S.D.Fla. 2019).

It is therefore,

**ORDERED AND ADJUDGED** that the Motion to Recuse (DE 4) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of December, 2019.

                                                  SHANIEK M. MAYNARD
                                                  UNITED STATES MAGISTRATE JUDGE

cc:    Lawrence F. Curtin, pro se
        1731 Avalon Ave.
        Fort Pierce, FL 34949